UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**
2004 APR 19 P 12: 51
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Civil Action No: 3.03CV720 (JCH)

| | |
|---|---|
| DAVID MORTIMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| | ) |
| WYMAN-GORDON INVESTMENT | ) |
| CASTINGS, INC., | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S MOTION TO EXTEND TIME FOR SUBMISSION OF FINAL PRETRIAL MEMORANDUM

The defendant, Wyman-Gordon Investment Castings, Inc., hereby seeks an extension of time for the submission of the Pre Trial Memorandum per this Court's notice of March 5, 2004 which is presently due to be submitted no later than May 3, 2004 at 2:00 p.m.

In support of this motion the defendant states that there has been no scheduling conference conducted in this case and no discovery orders have been issued. The matter was dismissed by the Court on February 6, 2004 due to lack of action, the matter was restored in response to plaintiff's request on or about March 5, 2004. The plaintiff's counsel has reported to this court that counsel have, since the outset of this case, repeatedly discussed settlement positions and have been referred to United States Magistrate Judge Fitzsimmons who is scheduled to conduct a settlement conference on

**NO ORAL ARGUMENT REQUESTED**

June 3, 2004.

The parties have only recently exchanged written discovery requests; the plaintiff has requested an extension of time through May 25, 2004 in order to respond to defendant's document production requests and interrogatories. Until the written discovery is provided it is not feasible to schedule depositions and it is not possible to meaningfully inform this court as to the identity of prospective witnesses, or to inform this Court pursuant to its March 5, 2004 Order.

Factually, this is a case whereby the plaintiff has alleged that he was terminated from the defendant's employ in August 2001 "as a result of complaints that the Plaintiff sexually harassed another employee of the defendant". *Plaintiff's Complaint ¶9.* The plaintiff alleges further in Count One of his complaint that the details of his termination were published and that the publication of those details has resulted in "unreasonable publicity to Plaintiff's private life...". *Plaintiff's Complaint ¶11.* The plaintiff in Count Two further alleges that "some or all" of the allegations of sexual harassment were false and that the publication served to defame the plaintiff. Finally, in Count Three of his complaint the plaintiff alleges that he was wrongfully denied severance pay. The defendant denies all of the plaintiff's allegations and expects that this case will be tried to a jury if it cannot be resolved at the scheduled settlement conference. It is difficult to envision a case which could be more fact specific and which could require more investigative discovery. That discovery will be completed no later than September 1, 2004.

The defendant respectfully requests that the deadline imposed by this Court's "Final Pre-Trial Order" be extended until September 1, 2004 thereby enabling the parties

to formulate a reasonable discovery schedule which will, in turn, allow for the timely and fair disposition of this civil action either upon dispositive motion, trial or settlement.

The Affidavit of Counsel is attached in further support of this motion.

ORAL ARGUMENT NOT REQUESTED.

> WYMAN-GORDON
> INVESTMENT CASTINGS, INC.
>
> By: *(signature)*
> Michael C. Wilcox
> BBO # 550382
> Federal Bar No. Ct24989
> Aloise & Wilcox, P.C.
> One Exchange Place
> Worcester, Massachusetts 01608
> (508) 755-8118

## CERTIFICATE OF SERVICE

Counsel hereby certifies that a true and accurate copy of the attached Motion to Continue was served upon all counsel of record by facsimile and first class mail, postage prepaid.

Date: 4/16/04

*(signature)*
Michael C. Wilcox, Esq.