UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 19 P 12: 51

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Civil Action No: 3.03CV720 (JCH)

DAVID MORTIMER, )
)
Plaintiff, )
)
Vs. )
)
)
WYMAN-GORDON INVESTMENT )
CASTINGS, INC., )
)
Defendant. )

---

**AFFIDAVIT OF MICHAEL C. WILCOX, ESQ. IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE PRE-TRIAL MEMORANDUM**

---

I, Michael C. Wilcox, on oath depose and say that I have personal knowledge of the facts set forth herein:

1. I am an attorney at law employed by the law firm of Aloise & Wilcox P.C, One Exchange Place, Worcester, MA 01608. I along with my law partner, Louis P. Aloise, have been admitted to practice before this Court *pro hac vice* in order to represent the above-named defendant.

2. On March 5, 2004 the Court issued a "Final Pre-Trial Order" indicating that the parties are required to submit a pre-trial memorandum on or before May 3, 2004.

3. On April 15, 2004 I telephoned the office of plaintiff's Counsel Michael E. Satti and spoke with a member of his staff indicating to the individual that I would like to

NO ORAL ARGUMENT REQUESTED

speak with Mr. Satti or his associate, Ms. Quackenbush-Darin. I explained in detail that I intended to file the attached motion. Neither Mr. Satti, nor his associate, were available to speak with me.

4.  On Friday, April 16, 2004, I sent the within Motion by facsimile to Mr. Satti's office. I have not heard back from Mr. Satti or his associate and despite diligent effort cannot inform this court as to the plaintiff's position on this Motion. I can state, however, that an earlier Motion was filed with plaintiff's assent seeking to continue the pre-trial conference. There have been no other motions filed by the defendant.

5.  The March 5, 2004 Order does not specifically set a final pre-trial conference date.

6.  This Court entered an Order dismissing this action on February 6, 2004 as there had been no action by the parties since the defendant's answer was filed in July 2003.

7.  The parties through counsel were exploring settlement and mediation options in the months from July through November 2003. The plaintiff had proposed a mediation date which was not acceptable due to scheduling conflicts. A new date was proposed by me for mediation to take place on February 3, 2004. There was some apparent miscommunication between counsel and I did not receive word on my proposed date until plaintiff's counsel received this Court's February 6, 2004 Order dismissing the matter. I have since learned that plaintiff's counsel underwent a spinal fusion in February 2004.

8.  The case was restored to the Court's active docket on March 5, 2004 when the Court issued its Final Pre-Trial Order. Since that time the parties have exchanged written discovery requests and the matter has been referred to United States Magistrate Judge

Fitzsimmons for a settlement conference. That conference is presently scheduled to take place on June 3, 2004.

9. Pursuant to this Court's Final Pre-Trial Order, the parties are required to submit a final pretrial memorandum which shall specifically address fifteen points, including, *inter alia*, a list of percipient and expert witnesses, identification of which witnesses' testimony shall be offered in the form of deposition testimony, anticipated motions in *limine*, trial exhibits and a designation as to whether the matter will be tried to the Court or a Jury.

10. On April 12, 2004 counsel for the plaintiff filed a motion to enlarge the time within which his client must respond to our discovery requests through May 25, 2004.

11. Without the plaintiff's discovery responses the defendant has no manner of determining the identity of witnesses who will testify beyond its own employees and former employees. The defendant has no independent means of determining the basis of any alleged damages, nor can the defendant determine whether the plaintiff has attempted to mitigate his damages or even if he has been successful in doing so.

12. The defendant cannot effectively submit a Pre-Trial Memorandum at this time.

13. Given the present state of this case additional time will be required to complete discovery.

14. Furthermore, in the event that the Court intends a Final Pre-Trial Conference on or about May 3, 2004, both Louis P. Aloise and I will be starting, on May 3, 2004, a trial in the Massachusetts Superior Court in Worcester, Massachusetts in the matter of <u>Elizabeth Banks and Stephen Banks, Individually and as PPA, Stephanie Banks vs. M. & L. Trucking Co., Inc.</u>, C.A. No. 99-2202B.

15. This case was assigned for trial approximately sixteen (16) months ago as a "first out" case. In the Worcester Superior Court cases which are assigned on a "first out" basis will commence as scheduled barring an unforeseen scheduling problem. If that case were required to be continued it is likely that it would not again be reached for trial until sometime in 2005.

16. The Banks case involves catastrophic injuries to a mother and a six week old daughter who were involved in a high speed collision with a tractor trailer combination on Route 290 in Worcester, Massachusetts on July 7, 1998.

17. That case will require a minimum of five (5) trial days and involves several expert and fact witnesses, all of whom have been informed that the case is scheduled to start.

18. While this civil action has not progressed as required, the parties' have engaged in meaningful settlement discussions and it is expected that this case will be in a posture ready for trial no later than September 1, 2004.

Signed this 16th day of April 2004 under the pains and penalties of perjury.

Michael C. Wilcox