UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID MORTIMER<br>    Plaintiff, | CIVIL ACTION NO.:<br>3:03CV720 (JCH) |
| V. | |
| WYMAN-GORDON INVESTMENT<br>CASTINGS, INC.<br>    Defendant. | MAY 25, 2004 |

### JOINT MOTION FOR COURT ORDER
### PERMITTING AND/OR COMPELLING DISCLOSURE OF DOCUMENTS

The Plaintiff, David Mortimer ("Plaintiff Mortimer") and the Defendant, Wyman-Gordon Investment Castings, Inc. ("Defendant Wyman-Gordon") jointly move for a Court Order permitting and/or compelling the disclosure of documents in response to the Requests 3 and 4 of the Plaintiff's Requests for Production dated April 9, 2004.

1. In this action, the Plaintiff Mortimer seeks damages against the Defendant Wyman-Gordon arising out of the termination of his employment. The Plaintiff David Mortimer's

**NO ORAL ARGUMENT REQUESTED**

complaint is in three counts. The First Count alleges invasion of privacy against the Defendant by publication of private facts. Specifically, the Plaintiff alleges in his complaint that the Defendant informed lower level employees and company customers and competitors that the Plaintiff was terminated as a result of complaints that the Plaintiff sexually harassed another employee. In addition, the Plaintiff alleges that Mark Damien, an employee and officer of Wyman-Gordon Investment Castings, Inc. informed his wife and family that the Plaintiff was terminated and informed them of the allegations of sexual harassment and Damien's son later conveyed this information to third parties.

    2. The Plaintiff contends that this publication by the Defendant was not only false, but the publication to individuals who had no legitimate reasons to know this information, was an invasion of his privacy.

    3. The Second Count alleges defamation against the Defendant. Specifically, the Plaintiff alleges that some or all of the allegations of sexual harassment against the Plaintiff were false as was the publication by the Defendant to numerous third parties that the Plaintiff was terminated for such sexual harassment. The Plaintiff further alleges that as a result of this

widespread reckless and malicious publication by the Defendant, the Defendant's impugned the Plaintiff's professional reputation and the Plaintiff seeks damages stemming therefrom.[1]

4. On or about April 9, 2004, the Plaintiff Mortimer served on the Defendant Wyman-Gordon Requests for Production consisting of four requests for the production of documents. On or about May 17, 2004 the Plaintiff received responsive documents to Request 1 and Request 2. However, with respect to Requests 3 and 4 the Defendant responded that it would produce documents upon order of the Court. Specifically, the requests and the responses are as follows:

**3. All documents concerning the Defendant's termination of the Plaintiff in August, 2001.**

*RESPONSE:*
*Objection: The defendant is in possession of a large volume of documents which have as their subject, the termination of Mr. Mortimer and his relationship with a fellow employee. That relationship resulted in a claim of sexual harassment being filed. That claim was investigated and settled. The settlement of that claim requires the defendant to keep certain details of that claim and settlement confidential. The Records will be produced upon order of the Court.*

**4. If not provided in response to Request for Production #3, all documents concerning any investigation conducted by the Defendant relating to any allegations of sexual harassment against the Plaintiff during August of 2001.**

*RESPONSE:*

---

[1] The Plaintiff's Third Count alleges violations of ERISA. However, that Count is not relevant to the instant Motion.

3

> *Objection: The defendant is in possession of a large volume of documents which have as their subject the termination of Mr. Mortimer and his relationship with a fellow employee. That relationship resulted in a claim of sexual harassment being filed. That claim was investigated and settled. The settlement of that claims [sic] requires the defendant to keep certain details of the claim and settlement confidential. Records will be produced upon order of the Court.*

5. On or about May 14, 2004 the undersigned counsel for the Defendant and Plaintiff spoke regarding the production of documents and Defendant's counsel represented that he is willing to produce responsive documents to 3 and 4 with a Court order.

6. The Plaintiff was terminated after he was told that the investigation into claims of sexual harassment against him had been completed. While he was told that he was terminated for exercising bad judgment, the Plaintiff contends that the Defendant later told others that he was terminated for sexual harassment and this publication by the Defendant forms the basis of both the Plaintiff's claims for invasion of privacy as well as his defamation claim. As such, the requested documents which relate to the Defendant's termination of the Plaintiff's employment and to the investigation conducted by the Defendant into claims of sexual harassment against the Plaintiff which claims allegedly led to the Plaintiff's termination of the Defendant are clearly relevant.

WHEREFORE, the parties jointly request an order from the Court requiring the Defendant to produce the documents requested in Request for Production 3 and Request for Production 4.

                                        THE PLAINTIFF,
                                        DAVID MORTIMER

                                        By: /s/ Michael E. Satti
                                        Michael E. Satti (Ct. 01311)
                                        Satti & Satti, P.C.
                                        225 State Street, Suite 200
                                        New London, CT 06320
                                        (860) 447-8975
                                        -His Attorneys-

THE DEFENDANT,
WYMAN-GORDON INVESTMENT
CASTINGS, INC.

By: _____
Michael C. Wilcox, Esquire
BBO #550382
Aloise & Wilcox, P.C.
One Exchange Place
Worcester, MA 01608
(508)755-8118
Fed. Bar No. ct24989

## **CERTIFICATION**

This is to certify that on this day 25th day of May, 2004, the foregoing was sent First Class Mail, postage prepaid to the following attorneys of record.

Michael C. Wilcox, Esq.
Aloise & Wilcox
1 Exchange Place
Worcester, MA 06108

Jon L. Schoenhorn
Schoenhorn & Associates
97 Oak Street
Hartford, CT 06016

*Michael E. Satti*